## T. & P. R'y Co. v. H. R. LOOBY.

(No. 1382, Op. Book No. 3, p. 410.)

APPEAL from Bowie County. Opinion by WILLSON, J.

§ 577. *Account; meaning of, as used in art. 2266, Rev. Stats.; does not embrace a claim for unliquidated damages.* This was a suit originating in justice's court, based upon a cause of action expressed as follows: "The Texas & Pacific Railway Company, Dr., to H. R. Looby. 1881. To four hundred and ninety-seven cross-ties, removed and appropriated to the use of said company and their employees, in said county, precinct No. 2, at thirty-five cents; amount due, $173.95." This supposed account was sworn to by the plaintiff in the court below, Looby, in accordance with article 2266 of the Revised Statutes. In the justice's court, judgment by default was rendered in favor of the plaintiff for the full amount of the claim, and from this judgment the defendant appealed to the county court. In the county court, the defendant appeared and filed a sworn plea denying the justice of plaintiff's cause of action. This plea was filed before the case was called for trial, but on the same day of the trial. The trial judge evidently considered the claim sued upon as an "account" within the meaning of article 2266, R. S., and that the defendant's sworn answer thereto came too late. Taking this view of the case, he disregarded the answer, and rendered judgment by *default* against the defendant, and awarded a writ of inquiry, which was

thereafter executed, and a judgment final for the full amount of plaintiff's claim was rendered against the defendant. The question presented is, does the claim sued upon come within the purview of article 2266? Is it an "account" within the meaning of that term, as used in the statute? The suit is for the value of property alleged to have been taken by and appropriated to the use of the defendant. It is the common law action of trover and conversion. The cause of action, as stated in the instrument sued upon, does not exist by virtue of any contract between the plaintiff and the defendant, and does not show a transaction between the parties, by which the defendant is *prima facie* bound for the payment of the amount claimed, or for goods sold and delivered, or other transaction legitimately forming the basis of an account proper. It is, on the contrary, as it shows upon its face, a claim for unliquidated damages, viz., the unascertained value of the cross-ties which had been taken by the defendant and converted to its own use. We are of the opinion that the plaintiff's claim is not an "account," within the meaning of the statute. [R. R. Co. v. Hayes & Co. *ante*, p. 413; R. R. Co. v. Morris, *ante*, p. 158.] The case should have been tried without reference to article 2266 of the Revised Statutes.

October 21, 1882.　　　Reversed and remanded.